UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10444-DMG (PVCx)**<br>**CV 21-550-DMG (PVCx)** ✓<br>**CV 21-597-DMG (PVCx)** | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Naresh Rammohan v. Marc Thomas, et al.*<br>*Ray Westerman v. Marc Thomas, et al.*<br>*Jesse Lowe v. Marc Thomas, et al.* | Page | 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS — ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND WHY CASES SHOULD NOT BE STAYED**

On November 13, 2020, Plaintiff Naresh Rammohan filed a shareholder derivative action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* ("Exchange Act"), breaches of fiduciary duty, and related claims against corporate officers of Wrap Technologies, Inc. ("Wrap Technologies") and nominal defendant, Wrap Technologies. [20-10444 Doc. # 1.]

On January 20, 2021, Plaintiff Ray Westerman filed a shareholder derivative action alleging violations of the Securities Exchange Act and breaches of fiduciary duty against corporate officers of Wrap Technologies and nominal defendant, Wrap Technologies. [21-550 Doc. # 1.] On January 25, 2021, *Westerman* was transferred to this Court as related to *Rammohan*. [21-550 Doc. # 9.]

On January 22, 2021, Plaintiff Jesse Lowe filed a shareholder derivative action alleging violations of the Securities Exchange Act, breaches of fiduciary duty, and related claims against corporate officers of Wrap Technologies and nominal defendant, Wrap Technologies. [CV 21-597 Doc. # 1.] On January 27, 2021, *Lowe* was transferred to this Court as a related case. [21-597 Doc. # 11.]

The parties in *Rammohan*, *Westerman*, and *Lowe* are hereby **ORDERED TO SHOW CAUSE** by no later than **February 5, 2021** why the cases should not be consolidated under the caption, *In re Wrap Technologies, Inc. Shareholder Derivative Litigation*, Case No. CV 20-10444-DMG (PVCx), with a single amended consolidated shareholder derivative complaint or designated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 20-10444-DMG (PVCx)**<br>**CV 21-550-DMG (PVCx)** ✓<br>**CV 21-597-DMG (PVCx)** | Date | January 27, 2021 |
|---|---|---|---|
| Title | *Naresh Rammohan v. Marc Thomas, et al.*<br>*Ray Westerman v. Marc Thomas, et al.*<br>*Jesse Lowe v. Marc Thomas, et al.* | Page | 2 of 2 |

operative complaint. *See* Fed. R. Civ. P. 42(a) (A court may consolidate actions pending before it if they "involve a common question of law or fact."); *see also Pierce v. County of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (district courts have broad discretion whether or not to consolidate actions) (*citing Investor's Research Co. v. U.S. Dist. Court for the Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)); *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984) (in determining whether consolidation is appropriate, courts weigh "the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause.").

The parties in *Rammohan*, *Westerman*, and *Lowe* are further **ORDERED TO SHOW CAUSE** why their actions (whether consolidated or not) should not be stayed pending resolution of a similar class action before this Court, *In re Wrap Technologies, Inc. Securities Exchange Act Litigation*, Case No. CV 20-8760 DMG (PVCx) given the apparent "substantial overlap" between the cases and to "promote judicial efficiency and avoid duplicative efforts." *See In re STEC, Inc. Derivative Litig.,* No. CV 10-00667-JVS (MLGx), 2012 WL 8978155, at *6 (C.D. Cal. Jan. 11, 2012) (staying derivative shareholder action pending resolution of securities class action); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936) (the "power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

The parties in *Rammohan*, *Westerman*, and *Lowe* may submit either a joint or separate responses to the OSC.

**IT IS SO ORDERED**.