UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 20-10444-DMG (PVCx)<br>CV 21-550-DMG (PVCx) ✓<br>CV 21-597-DMG (PVCx) | Date | February 16, 2021 |
|---|---|---|---|
| Title | *Naresh Rammohan v. Marc Thomas, et al.*<br>*Ray Westerman v. Marc Thomas, et al.* ✓<br>*Jesse Lowe v. Marc Thomas, et al.* | Page | 1 of 4 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

KANE TIEN
Deputy Clerk

NOT REPORTED
Court Reporter

Attorneys Present for Plaintiff(s)
None Present

Attorneys Present for Defendant(s)
None Present

**Proceedings:   IN CHAMBERS — ORDER CONSOLIDATING CASES UNDER CAPTION, *IN RE WRAP TECHNOLOGIES, INC. SHAREHOLDER DERIVATIVE LITIGATION*, CASE NO. CV 20-10444-DMG (PVCx), AND STAYING CONSOLIDATED CASE [14]**

On November 13, 2020, Plaintiff Naresh Rammohan filed a shareholder derivative action alleging violations of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78a *et seq.* ("Exchange Act"), breaches of fiduciary duty, and related claims against corporate officers of Wrap Technologies, Inc. ("Wrap Technologies") and nominal defendant, Wrap Technologies.  [20-10444 Doc. # 1.]

On January 20, 2021, Plaintiff Ray Westerman filed a shareholder derivative action alleging violations of the Securities Exchange Act and breaches of fiduciary duty against corporate officers of Wrap Technologies and nominal defendant, Wrap Technologies.  [21-550 Doc. # 1.] On January 25, 2021, *Westerman* was transferred to this Court as related to *Rammohan*.  [21-550 Doc. # 9.]

On January 22, 2021, Plaintiff Jesse Lowe filed a shareholder derivative action alleging violations of the Securities Exchange Act, breaches of fiduciary duty, and related claims against corporate officers of Wrap Technologies and nominal defendant, Wrap Technologies.  [CV 21-597 Doc. # 1.]  On January 27, 2021, *Lowe* was transferred to this Court as a related case.  [21-597 Doc. # 11.]

On January 27, 2021, the Court ordered the parties in *Rammohan*, *Westerman*, and *Lowe* to show cause why the cases should not be consolidated under the caption, *In re Wrap Technologies, Inc. Shareholder Derivative Litigation*, Case No. CV 20-10444-DMG (PVCx), with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | **CV 20-10444-DMG (PVCx)**<br>**CV 21-550-DMG (PVCx)** ✓<br>**CV 21-597-DMG (PVCx)** | Date | February 16, 2021 |
|---|---|---|---|
| Title | ***Naresh Rammohan v. Marc Thomas, et al.***<br>***Ray Westerman v. Marc Thomas, et al.*** ✓<br>***Jesse Lowe v. Marc Thomas, et al.*** | Page | 2 of 4 |

a single amended consolidated shareholder derivative complaint or designated operative complaint and why the cases, whether consolidated or not, should not be stayed pending resolution of a similar class action before this Court, *In re Wrap Technologies, Inc. Securities Exchange Act Litigation*, Case No. CV 20-8760 DMG (PVCx) ("Securities Class Action") given the apparent "substantial overlap" between the cases and to "promote judicial efficiency and avoid duplicative efforts." [Doc. # 14.]

On February 5, 2021, the parties in *Rammohan*, *Westerman,* and *Lowe* filed an OSC response in which they "agree that the above-captioned actions should be consolidated under the caption, *In re Wrap Technologies, Inc. Shareholder Derivative Litigation*, Case No. CV 20-10444-DMG (PVCx) . . . with a single consolidated complaint or designated operative complaint" and that the "Consolidated Derivative Action should be stayed through resolution of the motion to dismiss in the related securities class action [CV 20-8760]." [Doc. # 16 at 3.]

Given the foregoing, the above-captioned cases are hereby **CONSOLIDATED** under the caption *In re Wrap Technologies, Inc. Shareholder Derivative Litigation*, Case No. CV 20-10444-DMG (PVCx) (the "Consolidated Derivative Action"). The following cases will be **ADMINISTRATIVELY CLOSED**: *Westerman*, 21-550-DMG (PVCx); and *Lowe*, CV 21-597-DMG (PVCx). Any material documents filed in those closed cases will be deemed to have been filed in the Consolidated Derivative Action. If any other cases raising similar claims are filed and are deemed related to this case, the Court will issue an Order to Show Cause why those cases should not be subsumed within the Consolidated Derivative Action.

Further, the Consolidated Derivative Action is hereby **STAYED** under the following conditions:

1. The Consolidated Derivative Action shall be stayed until at least the resolution of the anticipated motion to dismiss in the related Securities Class Action.

2. Defendants shall promptly notify Plaintiffs should they become aware of any related derivative lawsuits ("Related Derivative Action") or threatened, related derivative lawsuits, including books and records demands or litigation demands ("Threatened, Related Derivative Actions").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

JS-6

| Case No. | CV 20-10444-DMG (PVCx)<br>CV 21-550-DMG (PVCx) ✓<br>CV 21-597-DMG (PVCx) | Date | February 16, 2021 |
|---|---|---|---|
| Title | *Naresh Rammohan v. Marc Thomas, et al.*<br>*Ray Westerman v. Marc Thomas, et al.* ✓<br>*Jesse Lowe v. Marc Thomas, et al.* | Page | 3 of 4 |

3. Defendants shall promptly notify Plaintiffs if a Related Derivative Action is not stayed for a similar or longer duration than the stay of the Consolidated Derivative Action.

4. If a Related Derivative Action, wherever instituted, is not stayed for the same or longer duration than the stay of the Consolidated Derivative Action, Plaintiffs shall have the option to terminate the stay by giving thirty (30) days' notice to counsel for Defendants via email.

5. Defendants shall include Plaintiffs in any mediation or formal settlement talks with the plaintiff(s) in the Securities Class Action, any purported plaintiff in any Related Derivative Actions, or any purported shareholder in any Threatened, Related Derivative Actions.

6. While the stay is in effect, and subject to the execution of an appropriate confidentiality agreement and/or protective order, Defendants shall promptly produce to Plaintiffs copies of any documents, written discovery, and deposition transcripts produced in the Securities Class Action, any Related Derivative Actions, or any Threatened, Related Derivative Actions. Upon the dissolution of any stay, the Parties' rights to discovery, and protections therefrom, shall be governed by mutual agreement, order of the Court, and/or the Federal Rules of Civil Procedure.

7. Within fourteen (14) days of the date that any stay is lifted, the Parties shall meet and confer and submit a proposed scheduling order governing further proceedings in the Consolidated Derivative Action, including a deadline for Defendants' response to the Consolidated Complaint.

8. All hearings or conferences currently scheduled in the Consolidated Derivative Action shall be vacated until the date and time that will be specified in the proposed scheduling order to be submitted by the Parties after any stay is lifted.

9. After any stay is lifted, Defendants shall not move to stay the Consolidated Derivative Action in deference to any other derivative action.

| | | | |
|---|---|---|---|
| | UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>CIVIL MINUTES—GENERAL | | JS-6 |
| Case No. | **CV 20-10444-DMG (PVCx)**<br>**CV 21-550-DMG (PVCx)** ✓<br>**CV 21-597-DMG (PVCx)** | Date | February 16, 2021 |
| Title | *Naresh Rammohan v. Marc Thomas, et al.*<br>*Ray Westerman v. Marc Thomas, et al.* ✓<br>*Jesse Lowe v. Marc Thomas, et al.* | Page | 4 of 4 |

    The Court declines at this time to appoint Lead or Co-Lead Counsel for Plaintiffs in the Consolidated Derivative Action. The parties may renew their request for appointment of Lead or Co-Lead Counsel when any stay is lifted.

    Notwithstanding this stay, Plaintiffs shall file a single consolidated complaint or designate an operative complaint by no later than **March 9, 2021**. Defendants shall be under no obligation to respond to said complaint during the pendency of the stay.

    IT IS SO ORDERED.